UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY LOUIS BERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00900-SEP |
| ) | |
| OFFICER CHASE BRADEN, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Gary Louis Berry's Complaint. Doc. [1]. For the reasons set forth below, the Court dismisses this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and 28 U.S.C. § 1915(e)(2)(B).

### FACTS AND BACKGROUND

On August 29, 2022, Plaintiff filed this civil rights action based on his arrest in Overland, Missouri on July 8, 2022. His arrest resulted in three municipal actions against him in Missouri state court: *City of Overland v. Berry*, No. 200598552 (filed Jul. 16, 2022) (expired plates), *City of Overland v. Berry*, No. 200598553 (filed Jul. 16, 2022) (operating vehicle without maintaining financial responsibility), and *City of Overland v. Berry*, No. 200598554 (filed Jul. 16, 2022) (expired driver's license). Plaintiff filed an application to proceed without paying court fees and costs, which this Court granted. Docs. [2], [3].

On initial review of the Complaint, Doc. [1], the Court stayed and administratively closed the case pending the outcome of Plaintiff's underlying state court cases. *See* Doc. [3]. On February 14, 2023, Plaintiff filed a motion to reopen the case, stating that his underlying cases had been resolved. Doc. [4]. The Court granted Plaintiff's motion to reopen the case. Doc. [6]. The case is now before the Court on initial review pursuant to 28 U.S.C. § 1915(e).

### THE COMPLAINT

Plaintiff's Complaint seeks damages against Defendants Marty Little, Mayor of Overland, Missouri, and Police Officer Chase Braden, Officer Bressie, and Officer Carollo based on events surrounding his arrest on July 8, 2022. Doc. [1]. Plaintiff states that he lives in his automobile and was arrested by defendants for expired plates, an expired driver's license, and failure to provide insurance.

As noted in the Court's November 3, 2022, Order, Plaintiff identifies himself as a "flesh and blood man with soul" and an "American National Third party of interest Injured party" and states that his name is a "Government Registered Trade Name." Doc. [3] at 1. His 40-page complaint includes miscellaneous definitions, citations to statutes and case law, and 15 pages of an opinion from the Supreme Court of Virginia dated September 12, 1930. *See* Doc. [1]. He seeks damages for unlawful use of force, false arrest, and false imprisonment.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). The court must "accept as true the facts alleged, but not legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that "if the essence of an allegation is discernible . . . the district court should construe the plaintiff's complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Still, even pro se complaints "must allege facts, which, if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## DISCUSSION

An offender may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

2

federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

On January 17, 2023, in the Circuit Court of St. Louis County, Judge William Buchholz tried Plaintiff's case and found him guilty of driving his vehicle with expired license plates, an expired driver's license, and no insurance. *See City of Overland v. Berry*, No. 200598552 (expired plates), *City of Overland v. Berry*, No. 200598553 (operating vehicle without maintaining financial responsibility), and *City of Overland v. Berry*, No. 200598554 (expired driver's license). Plaintiff was sentenced to a $450 fine. He has not filed an appeal or any post-conviction proceedings to reverse or expunge those convictions.

Plaintiff's allegations that he was wrongly arrested and imprisoned because he voluntarily surrendered his driver's license as a "free man" and "was not required to have a license for his private property" necessarily imply the invalidity of the municipal ordinance violations of which he was found guilty. So does the allegation that he voluntarily surrendered his driver's license back to the state and thus "severed the contract between [himself] and the state." *Heck* bars Plaintiff's claims that he was wrongfully arrested and imprisoned and was not provided with due process of law. *See Heck*, 512 U.S. at 486-87. To bring those constitutional claims, Plaintiff must first have his sentence reversed or expunged in state court. *See id.* at 487.

To the extent Plaintiff sues Defendants for unlawful use of force, assault, and battery arising out of his "arrest, handcuffing, imprisonment, physically searched, forced fingerprinting and booking procedures, and harassment," he has not stated a plausible claim for relief. *See Graham v. O'Connor*, 490 U.S 386, 396 (1989) ("Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). The Court dismisses those claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and 28 U.S.C. § 1915(e)(2)(B).

An order of dismissal will accompany this Memorandum and Order.

Dated this 21st day of April, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3